No. 22,884.
First Circuit Appeal.

---

ROBERT L. BAILEY v. TEXAS & PACIFIC RAILROAD COMPANY.

(December 30, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Citation and Appearance—Par. 50; Pleading—Par. 37, 62.**

Where, in an exception no cause of action based on an allegation that because the T. & P. Ry. Co. was at the time of the accident and presently in the hands of the Receivers, plaintiff's right or cause of action must be against the Receivers, an answer and denial of the plaintiff's allegations was also contained; the exception must be regarded as an appeal to the merits.

ON THE MERITS

2. **Louisiana Digest, Railroads—Par. 84, 85, 86.**

In an accident in which a train killed five mules, the defendant proved the engineer used due care, prudence, freedom from fault and negligence; consequently there was judgment for defendant railroad. The fact that the fence was out of repair does not constitute negligence of the railroad.

(See Act 70 of 1886 and Civil Code, Article 2315. Editor's note.)

Appeal from the 16th Judicial District, Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a damage suit to recover the value of mules killed by a railroad. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

John W. Lewis, of Opelousas, attorney for plaintiff, appellant.

W. H. Peterman, of Alexandria, attorney for defendant, appellee.

ELLIOTT, J. This is a suit to recover damages on account of the killing of 5 mules belonging to the plaintiff Robert L. Bailey, by the fast passenger train operated on the Texas & Pacific Railroad on the morning of July 29th, 1923. The petition alleges that the killing of the mules is attributable to the negligence of the servants and employees of the defendant in operating said train and in not keeping in repair the fencing closing the right of way; thereby permitting ingress and egress to animals, etc.

Alleges ineffectual amicable demand for payment—"on the Receivers of the Defendant Railroad Company", etc., that said Railway Company was at the time and is now

presently in the hands of Receivers namely J. L. Lancaster and C. L. Wallace, *who should be called on to defend this action for account of said Railway Company.* The prayer is—"that service and citation do issue on the Defendant herein through its said Receivers—and for judgment—against said defendant".

The Texas & Pacific Railway Company appeared in response to the citation issued and excepted to plaintiff's petition on the ground that same—"discloses no right or cause of action against exceptor" for the reason that on October 27th, 1918 J. L. Lancaster and Pearl Wight were appointed Receivers for the property of the Texas & Pacific Railway Company by the U. S. District Court for the Western District of Louisiana and upon said date took charge of said property and operated same continuously as a line of railroad until January 1st, 1918, when it was taken over by the President of the United States, etc." That upon March 1st, 1920 the possession, operation and control of said line of railroad and all of its property was resumed by said United States District Court for the Western District of Louisiana, through the Receivers appointed by the court to wit J. L. Lancaster and Charles L. Wallace and from the expiration of said Federal Control, until the present time, said road has been operated exclusively by said Receivers. Exceptor avers that it has not had since October 27th, 1916 any possession of or control over the operation of said line of railroad of The Texas & Pacific Railway Company and is not responsible for any damages occurring from said operation, etc."

The lower court overruled the exception. The Texas & Pacific Railway Company then further appeared and reserving all rights under the exception of "no right or cause of action" urged again the same facts al-

leged in the exception and only if the court decided that said plaintiff had a cause of action and a right to maintain this suit against respondent and not otherwise for answer denied that the killing of the mules was attributable to the fault or neglect of the servants or employees of defendant, as well as the alleged negligence concerning the fence alleged that respondents train was running between 45 or 50 miles an hour at the time, that the weather threatened rain, that a light fog or mist obscured the view of the engineer at the place, etc.

That the killing was unavoidable, etc. That plaintiff kept his mules in a corral near the railroad, the gates of which he left open and the mules passed through the gate into a pasture and from the pasture entered on the railroad, which defendant averred was a negligent act on the part of plaintiff, etc.

Admitted that at the time the mules were killed, the railroad was and that it is now in the hands of Receivers; but denied that the Receivers should be called on to defend the suit; because the suit was against The Texas & Pacific Railway Company and as such only and wherein no judgment was prayed for against the Receivers, etc., and prayed for the rejection of plaintiff's demand.

The District Court, after trial for written reasons filed; rejected plaintiff's demand and plaintiff has appealed.

The Texas & Pacific Railway Company appeared in this court and for answer to the appeal urges that the exception of "no right or cause of action" should be maintained; otherwise that the judgment appealed from be affirmed.

The plaintiff and appellant states in effect in his brief and argued at the bar that his suit is against the Receivers of The Texas & Pacific Railway Company.

That The Texas & Pacific Railway Company is not a party to the litigation and is to all legal intents and purposes an interpleader or interloper in the suit, etc. It is evident that the Texas & Pacific Railway Company is the appellee as regards this appeal.

As heretofore stated plaintiff avers Art. 2 that: "the fast train of The Texas & Pacific Railway Company ran into and killed his mules, etc." and in Art. 3 "represents that the killing was wholly attributable to the fault and negligence of the servants and employees of the Defendant Railway Company in operating said train, etc., and in not keeping in repair the fencing closing the right of way," etc. It is true he further alleges "ineffectual amicable demand for payment on the Receivers and that they should be called on to defend this action for account of said Railway Company, etc., and prays "that service and citation do issue on the defendant herein, through its said Receivers", etc.; but he prays that there "be judgment against said defendant", etc. It appears to us from the language used in the petition (see our italic type) that plaintiff has proceeded against The Texas & Pacific Railway Company and not against the Receivers; except as legal representatives of the Railway Company in the operation of its trains.

We therefore hold that under the allegations in plaintiff's petition, his suit is against The Texas & Pacific Railway Company.

This construction of his petition is supported by the fact that the minutes brought up do not indicate that he ever moved for a judgment by default against the Receivers; according to the minutes there is no issue by default as against the Receivers and they never made any appearance in the case, and as we have already stated The Texas & Pacific Railway Company is certainly the appellee here.

Plaintiff tried the case in the lower court on the answer of The Texas & Pacific Railway Company without objection that we can find.

The Texas & Pacific Railway Company felt moved by the petition and citation, etc., else it would not have appeared to except.

In dealing with plaintiff's petition and the exception urged to it, we have nothing before us but the face of the petition; no copy of the judgment appointing Receivers was annexed to the petition nor to the exception thereto.

After consideration of the question we have not gone out of the record and put in force against the petition information brought before us in the case Mrs. Sussie Anding vs. The Texas & Pacific Railway Company recently decided, appealed from the Parish of Assumption and which involved a similar situation in one respect, which record contains a certified copy of the judgment of the U. S. District Court for the Western District of Louisiana, appointed Receivers for The Texas & Pacific Railway Company and according to which the said Railway Company is now and was at the time plaintiff's stock was killed in the hands of Receivers and being operated by them as a common carrier under the authority of said court, nor general legal knowledge that The Texas & Pacific Railway Company was chartered under the Acts of Congress, nor the case Godchaux vs. Texas & Pacific Railway Company, 151 La. 955, 92 South, 398, and cases contra The Texas & Pacific Railway Co., vs. Johnson 151 U. S. 101 and Gableman vs. Peoria R. R., 179 U. S. 335 & 336.

Defendants exception is not based on the ground that plaintiff does not allege an

actional injury, but that due to his aver-ment that The Texas & Pacific Railway Company was at the time and presently in the hands of receivers, his right or cause of action must be exercised against the receivers.

The judgment appointing Receivers and showing their authority over the railroad was, however, not pleaded nor offered in evidence. The information brought before us in the Anding case not being available for the purpose of passing on the exception; the exception must be regarded as an appeal to the merits and as such must be considered with the merits. The exception is therefore referred to the merits for consideration with defendants further defenses.

Getting now to the merits of the case, R. H. Whittington was the only witness for plaintiff who saw the occurrence. He heard the short sharp blasts of the locomotive whistle, looked out and saw a mule running or commencing to run down the track and saw at the same time the others in a confused excited bunch on the track, with the train almost on them. His testimony is not different from that of the train crew.

The main witness concerning the occurrence is the engineer.

He says it was about 5 o'clock in the morning; that the weather threatened rain; there was a light fog or mist over the track; that he was running 45 or 50 miles an hour, his schedule time, and was between 5 and 8 minutes late. He noticed objects ahead on both sides of the track three or four feet from the track. The distance ahead when the objects were first noticed is not clearly established by his testimony; but we estimate from what he says on the subject that it was from five to six hundred feet. At the speed he was running he traversed this distance in less than half a minute. The objects were not moving when he first noticed them and he supposed that it was negroes. As he was near a road crossing at the time he blew the crossing whistle, expecting them to move further away; but the whistle caused them to quickly get on the track and he then saw at once that it was animals and blew the stock alarm and applied the brakes; but at the speed he was running it was impossible to avoid striking them after discovering that the objects were animals.

In one place in his testimony he says he could have seen the animals more than four or five hundred feet ahead; but he had in mind to say that he could only see the objects on the side of the track that distance ahead, because in subsequently testifying he explains that he did not see the objects sooner because they were not on the track, but three or four feet from it and that he would have seen the objects sooner and in time to slow down, even stop his train if necessary, before striking them, if the objects had been on the track. We find that to be reasonable an engineer can not be expected to notice objects that are moving on the side of the track, even only three or four feet from it, as quick and as far ahead as he can and should if the object is on the track.

We do not find any negligence, want of care or prudence on the part of the engineer under the facts and circumstances of the case. The fog and mist was not heavy enough to require him to lower his schedule and the locality and track did not require that it be done.

There is nothing in the testimony of any of the other witnesses, nor in any fact or circumstance brought to light, which indicates anything different from the tes-

timony of the engineer and according thereto; the burden on defendant to show due care, prudence, freedom from fault, and negligence has been discharged.

The evidence shows that plaintiff's mules were exposed to just what happened each time they got out of the corral into the pasture and that plaintiff was not free from neglect in that respect.

The district judge gave written reasons for judgment finding that the evidence was in favor of the defendant.

His judgment appears to be correct and must be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from herein be and the same is hereby affirmed.