ROBERTSON & SON v. NEW ORLEANS, TEXAS AND MEXICO RY. CO.

(July 7, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Railroads—Par. 88, 89.**

The effect of Act 70 of 1886 is to place the burden of proving the want of negligence upon the railroad when livestock is killed upon its tracks. This burden is overcome by proof of unavoidable accident.

Appeal from Civil District Court, Division "D." Hon. Porter Parker, Judge.

Action by W. T. Robertson & Son against New Orleans, Texas and Mexico Railway Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

John D. Nix, Jr., and W. W. Wright, of New Orleans, attorneys for plaintiff, appellant.

George J. Janvier and William H. Talbot, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. The defendant railroad company is sued for the value of three mules killed by its trains.

Plaintiff relies upon Act 70 of 1886 which places the burden upon railroads of disproving negligence in the killing of livestock by locomotives. Act 110 of 1886 relieves railroads of this burden when fences are maintained along the right-of-way.

There was a fence erected along defendant's right-of-way where the mules were killed but it does not appear to have been in good condition and gates in the fence are shown to have been left open by someone, whether the fault be with the defendant in this respect is not clear.

Viewing the evidence as establishing the equivalent of no fence the situation is as expressed in Mongogna vs. R. R., 115 La. 597, 39 So. 699:

"The only penalty for failing to fence is that it (R. R. Co.) assumes the burden of showing that the injury to stock upon its tracks was not the result of negligence."

See Robert L. Bailey vs. T. & P. R. R. Co., 1 La. App. 233; Foster vs. T. & P. R. R. Co., 5 La. App. 601.

The only evidence in the record as to the manner in which the mules were killed is that given by two engineers employed by. defendant who were in charge of the locomotives which killed the mules. This evidence is to the effect that when the mules were first observed on the track they were too close to permit the stopping of the trains. In the absence of any countervailing proof this evidence meets the requirements of the situation.

The judgment appealed from is affirmed.