**No. 2687**

**Second Circuit**

——

**DAVIS v. LOUISIANA RY. & NAV. CO.**

——

(April 10, 1930. Opinion and Decree.)

——

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellee.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellant.

DREW, J. Plaintiff sued for the value of two mules killed by the train of defendant. One mule was killed on the 8th day of November, 1925, and is valued at $125. The other was killed on the 12th day of November, 1925, and is valued at $175.

Defendant admitted the killing, but alleged that it was unavoidable.

The judgment of the lower court was for plaintiff in the sum of $125, and from this judgment the defendant has appealed, and the plaintiff has answered the appeal, praying that the judgment of the lower court be increased to the amount of $275.

While the judgment of the lower court does not say that the demand for damages for the mule killed on November 12, 1925, was rejected, and that the judgment was for the mule killed on November 8, 1925, but, after reading the evidence, we feel sure the lower court so held.

The testimony shows that the mule killed on November 8, 1925, was seen by the engineer about four hundred feet down the track, and that it then ran down the track a distance of nearly two hundred yards before being struck, and that the train was traveling at a rate of speed of about twenty miles an hour when the engineer saw the mule.

The public policy of the state, as expressed in Act No. 70 of 1886, is that railroad companies shall pay for live stock killed or injured by the operation of their trains, unless they shall allege and prove that the killing or injuring was without negligence on their part. State vs. Foster, 106 La. 425, 31 So. 57.

Since the adoption of the statute, the onus of proof in such actions is shifted from the owner of the live stock to the defendant railroad company, which must sustain the material ground raised in the

defense. Mire vs. Y. & M. V. R. Co., 105 La. 462, 29 So. 935; Jackson vs. T. & P. Ry. Co., 166 La. 718, 117 So. 805; Hollingsworth vs. H., E. & W. T. Ry. Co., 7 La. App. 121.

The main ground of defense as to this mule is that the train could not be stopped after the mule was first seen. We think the engineer had a distance of nearly one thousand feet within which to stop the train, which was only making twenty miles an hour, and we think the defendant has failed to meet the burden of showing that it was free from negligence.

The main ground of defense as to the mule killed on the 12th day of November, 1925, is that, due to the prevalence of a dense fog, the engineer in charge of the train was unable to discover the position and peril of the mule until it was too late to stop the train and avoid the accident. We think the evidence bears out the defendant's contention. The engineer did not see the mule until the train was within thirty feet of it. The train was traveling about thirty-five miles an hour, and it was impossible to stop it and avoid the accident. The engineer testified that there was a very dense fog at the time, and he is not contradicted by any witness.

It is urged by plaintiff that the fence along the right of way of defendant's track was in a dilapidated condition, and the evidence bears this contention out. However, there was no obligation on the part of the defendant company to fence its right of way. Therefore its failure to keep its fence in repair is not negligence per se. The only penalty imposed on it for not doing so is that it assumes the burden of proving that the killing or injuring of live stock upon its tracks was not caused by its negligence. Act No. 70 of 1886; Sanders vs. Ill. Cent. R. Co., 127 La. 917, 54 So.

147; Jackson vs. T. & P. Ry. Co., cited supra; Bailey vs. T. & P. Ry. Co., 1 La. App. 233; Foster vs. T. & P. Ry. Co., 5 La. App. 601; Robertson & Son vs. N. O., T. & M. Ry. Co., 8 La. App. 738.

The lower court rendered judgment for plaintiff in the sum of $125, which is shown to be the value of the mule killed on the 8th day of November, 1925. We think the judgment is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed.

Cost of the appeal to be paid by defendant.