BOYD v. KANSAS 'CITY, SHREVEPORT & GULF RY. CO.*

No. 4490.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Wilkinson, Lewis & Wilkinson and E. S. Klein, all of Shreveport, for appellant.

J. S. Pickett, of Many, for appellee.

*Rehearing denied April 28, 1933.

**DREW, Judge.**

■ Plaintiff instituted this suit for damages in the sum of $175, the alleged value of a mule, killed by defendant's train, about 6:05 p. m., on November 17, 1931, at or near mile post No. 616, near the station of Noble in Sabine parish, La. The right of way was not fenced at this point and plaintiff correctly contends that he has made out a prima facie case, under Act No. 70 of 1886, by proving the mule was killed by defendant's train and proving the value of the mule.

The defense is that the railway company was free of any negligence in that the mule was killed in a curve at a point where the engineer or fireman could not possibly have seen the mule at a greater distance than 150 feet, which was too close and made it impossible to stop the train and avoid killing the mule. It further alleged that the mule was tied to the track and that the mule was worthless, due to its injured condition prior to being tied to the track.

■■ It is unnecessary to discuss the last defense, and the facts in regard to the other defense are undisputed. They are, that at about 6:05 p. m., on November 17, 1931, a freight train of the Kansas City, Shreveport & Gulf Railway Company, lessee of the defendant company, consisting of an engine and about 75 cars, was rounding a sharp curve at mile post No. 616, near Noble station, at a rate of speed of 15 to 17 miles per hour. The mule was between the rails and, when first seen—which was as soon as it could have been, due to the sharp curve—was about 150 feet from the engine. The engineer sounded the stock alarm and applied the brakes, and the fireman rang the bell. The speed of the train was decreased, but it was not stopped before striking and killing the mule. The distance in which the train could have been stopped was a distance of 10 to 12 car lengths, or 420 to 500 feet. There was no crossing at the point where the mule was killed, but was in the woods or open country.

The facts being certain and undisputed, the case evolves itself into a question of law. Plaintiff contends that the defendant was negligent in operating its train at such a rate of speed so that it was impossible to stop same within the distance in which the mule could be seen by the engineer. The only authorities he cites in support of his contention are cases in which the courts have held that a driver of an automobile is negligent in operating his car at such a rate of speed that he is unable to stop within the range of his vision. These decisions are not applicable to a train on a railroad. The automobile cases referred to by plaintiff were cases where an automobile was being operated on a public highway. The train of defendant company was being operated on its private property.

To require a train, being operated in open country, to operate at such a speed as to permit its being stopped within the distance an object may be seen on the track when coming out of a curve, would seriously interfere with train schedules in which the public is as much interested as is the railroad company. Del Buono v. Ill. Cent. Ry. Co., 12 La. App. 35, 124 So. 694; Vicknair v. Louisiana Ry. & Nav. Ry. Co., 11 Orleans App. 76, cited in Laguens v. Masera, 3 La. App. 762; Mongogna v. Ill. Cent. Ry. Co., 115 La. 597, 39 So. 699.

We have been unable to find any law to support the contention of plaintiff and have been cited to none. Defendant's train was being operated at a very reasonable rate of speed. It was equipped with headlights and other appliances required by law. When the mule was seen, which was as soon as possible, it was too close to the train for the train to be stopped. A proper lookout was kept, and we find the defendant free from any negligence. It has therefore met and overcome the burden placed on it by Act No. 70 of 1886.

The lower court rendered judgment as prayed for. The judgment is not supported by the law and the evidence, and is therefore reversed and the demands of plaintiff rejected, at his cost.