## JETER v. TEXAS & P. RY. CO.
### No. 4542.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Smitherman & Smitherman, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff demands $325 as damages for the killing of two mules and a horse at about midnight of November 9, 1931, by a train of defendant operating over its tracks passing through a plantation adjacent to that of petitioner near Robson, in the parish of Caddo. Petitioner claims that, where defendant's track runs through his plantation, the right of way fence is in such disrepair as to amount to no fence at all.

Defendant answers that the killing was not caused by any negligence on its part, but was due to the sudden appearance of the stock on its track too short a distance ahead to enable those in charge of the train to avoid striking them; in the alternative, that plaintiff was contributorily negligent in permitting his stock to be at large in violation of the police jury's ordinance of Caddo parish, La., requiring owners of stock to keep same properly inclosed.

Plaintiff, relying upon Act No. 70 of 1886, which provides that a plaintiff is entitled to recover on proof of the killing of or injury to stock unless it be shown by the defendant railway company that the killing or injury was not due to its fault or negligence, contented himself with proof of the killing of the three animals by defendant's train, their value, and that the right of way fence was down.

Defendant offers the testimony of its engineer and fireman. Their recital is uncontradicted, clear, reasonable, and probable. There being no other eyewitnesses offered, we must accept their statements as to what occurred.

The engineer, a man of forty years' experience in operating locomotives, testifies that on the night the stock was killed he was running the Louisiana Limited, the fastest passenger train in his division, on the Shreveport-New Orleans trip; that when the stock was struck by his engine at about 11:30 p. m., on the night alleged, he was running about 55 miles per hour through open country; that he first saw the animals coming out of the darkness from the right toward the track, between 200 and 300 feet ahead; that he was keeping a lookout and observed them at the earliest possible moment; that he immediately applied the brake and sounded his whistle, the automatic bell being already ringing. He states that one of the animals continued onto the track, and was struck there. The two others that were killed did not reach the track, but were struck by parts of the engine while running alongside it down the right of way. It was a rainy night. The track was wet. Under these conditions he says he could not stop the train in a distance of less than 1,200 or 1,500 feet; that to stop or materially reduce the speed of the train within 300 feet would have been an utter impossibility; that all appliances were in first-class order and were functioning properly. He estimates that on a clear night the headlight makes objects distinguishable at between 1,000 and 1,500 feet, but that, on ac-

·count of the rain on the night of the killing, his vision was somewhat obscured.

He is corroborated in his testimony by the fireman, who did not see the animal on the track until within 30 feet of it, and after the engineer had applied the brake and blown the whistle. His failure to see it sooner was due to the fact that his station is on the left-hand side of the engine, making it impossible for him to see objects approaching from the right or engineer's side of the train.

From the above facts we cannot conclude that the district judge erred in rejecting plaintiff's demand.

■ In the open country outside city limits, any speed is legitimate for a railroad train which is consistent with its safety. Davis et al. v. Alexandria & W. Ry. Co., 152 La. 898, 94 So. 436.

■ A railway company is not required to slow down its train during rainy or foggy weather. Foster v. Tex. & Pac. Ry. Co., 5 La. App. 601.

■ It is too well settled to require citation that the law does not require trains to be operated at a speed permitting them to be stopped within the range of vision of its operators.

■ The only penalty imposed upon railroad companies for not having their tracks fenced and for not maintaining suitable cattle guards is that the burden of proof is upon them to prove injury to stock upon their tracks is not caused by negligence in the operation of their trains. Pendleton v. Mo. Pac. Ry. Co. (La. App.) 145 So. 689.

The judgment of the lower court is correct, and is affirmed.