### DUMAS v. THOMPSON.

#### No. 5840.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

Harry S. Hawthorne, of Bastrop, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover the sum of $150, the admitted value of a mule owned by him and admitted to have been killed on September 3, 1937, by a locomotive owned by the defendant. The suit is based upon Act No. 70 of 1886 which requires the plaintiff to prove only that the killing or injury of his stock was by the railway company, unless it be shown that the killing or injury was not a result of fault or carelessness on its part or the negligent or indifferent running or management of its locomotive or train. The animal in question was killed at a grade crossing. The right of way proper was fenced. The above referred to statute is therefore applicable to the case. Hollingsworth v. H., E. & W. T. Railway Company, 7 La.App. 121.

Defendant contends there was no negligence on its part and that the mule suddenly came onto the tracks too near the locomotive for the train to be stopped.

The lower court awarded judgment as prayed for and defendant prosecutes this appeal.

The mule was struck and killed by a regular passenger train of defendant, running on a regular schedule and at a speed of from 55 to 60 miles per hour. The accident occurred at about 10 o'clock P. M. There were only three eyewitnesses—the engineer, fireman and a man who was in bed at his home near the crossing, whose attention was attracted by the sharp blast of the engine's whistle. The train, consisting of eleven cars, traveling at the rate of speed it was, could not have been stopped under 1400 feet. It was traveling north and the mule entered the tracks from the west. Some 35 to 40 feet west of the tracks was a section house which obstructed the view in that direction. When the mule was first discovered it was approaching the tracks from the direction of the section house and was two or possibly three hundred feet ahead of the locomotive. The mule was at the time approximately 15 to 20 feet from the tracks. The bell was rung and the whistle sounded in an attempt to frighten the animal. Under the prevailing conditions, the mule could not have been seen by either the fireman or engineer any sooner than it was, and after it was seen until it was struck, the time was too short for the engineer to do anything more than he did. The testimony convinces us that there were only a few seconds elapsing from the time the mule was discovered until the locomotive struck it and it was impossible for the engineer to stop or even to slow the speed of the train.

We are convinced that defendant has met the burden and has shown that it was guilty of no negligence.

The judgment of the lower court is therefore reversed and the demands of plaintiff rejected, at his costs.