This is a suit to recover damages for the loss of three mules of the value of $900 killed during the night of November 5, 1938, near the village of Toomey in Calcasieu Parish, by one of the defendant's trains, and for $251.13 as the loss of earnings suffered by plaintiff in the death of the mules, or a total of $1,151.13. The defendant denied any negligence on its part, alleging that the killing of the mules was entirely unavoidable.
The lower court held with the defendant and dismissed plaintiff's suit. Plaintiff has appealed.
The evidence discloses that at and near the scene of the accident, the railroad, running generally east and west in open country, parallels the Old Spanich Train, or U.S. Highway 90, and its right of way is 200 feet wide, and is enclosed by fences. Just east, about one hundred feet, a private road crosses it. On the north side of the said crossing, there is a cattle guard in defendant's fence, and on the south side is a gate. It is shown that the gate was promiscuously left open to the knowledge of defendant's employees, allowing stock to come onto its right of way. High weeds were allowed to grow in the right of way, sufficiently to hide the mules from sight of the operators of defendant's trains; however the track was kept clean of any grasses or weeds thirteen feet from the center thereof on either side. The mules entered the right of way through the open gate, and prior to their being killed were in the high weeds, from which they ran onto the track about one hundred to one hundred and fifty feet in front of the locomotive. There was one on the side of the engineer and two on the side of the fireman; the engineer was first to perceive the one on his side; he immediately applied the brakes and gave the stock alarm. Thereafter the fireman perceived the other two mules. Due to the proximity of the mules to the locomotive, the operators of the train were unable to stop the train before striking and killing the mules.
Section 3 of Act No. 110 of 1886, Dart's Statutes, Section 8153, provides that there is "no responsibility on the part of railroad companies for the killing or injury of stock where said railroad companies have their line of track fenced in and kept in good order, and have erected and maintained, in good order, suitable cattle-guards at crossings."
Under Section 1 of Act No. 70 of 1886, Dart's Section 8154, where fences in good repair are not so maintained, the railroad companies, in suits for the loss of stock killed or injured by them, carry the burden of proving that "the killing or injury was not the result of fault or carelessness on their part or the negligence or indifferent running or management of their locomotive or train."
It is conceded by both litigants that Section 3 of Act No. 110 of 1886, Dart's Statute Section 8153, does not apply in that the gate for this crossing was not properly maintained by the railroad company and that this case is governed by Section 1 of Act No. 70 of 1886, Dart's Statutes, Section 8154.
Plaintiff concedes that the evidence does not show any "carelessness on their part of the negligent or indifferent running or management of their locomotive or train" by the defendant's employees, but contends that the defendant has failed to show that it was not at fault and failed to show that such fault did not contribute to the accident in two particulars: (1) In the creation of a snare or trap in the construction of a cattle guard on the north side, and a gate on the south side of its fence, thus tacitly empounding the mules within its right of way and (2) in permitting grass and weeds to grow on its right of way to a height of seven feet or more, making it impossible for operators of trains to see such stock until it was practically on the tracks."
In the case of Smith v. Thompson, 185 So. 71, 73, the Court of Appeal, Second Circuit, had under consideration a case almost identical with the case at bar. In that case, the mules came on the right of way through an opening in the fence caused by a fallen post. It was there contended *Page 646 
that such created a "trap for killing stock that made an entrance into the right of way," and that the stock "are held between the two fences." The court, through Judge Hamiter, now a Supreme Court Justice, held that to so hold would not be in accord with the established law of this State bearing on the subject, and that "Act No. 110 of 1886 encourages railroads to adequately and properly fence their rights of way, which are their private property, by offering freedom from responsibility for the killing of stock thereon when so fenced. If advantage is not taken of those statutory provisions the presumption of liability under said Act No. 70 of 1886 is imposed and attaches."
[1, 2] It is now settled that the failure to maintain fences and cattle guards in good condition is not negligence on the part of railroad, but it only shifts upon it the burden of showing that it and its employees were guilty of no fault or negligence in suits for killing of stock on the tracks. Furthermore, no law requires railroad companies to fence their tracks or keep up fences, cattle guards, or gates they have built. We find no merits in plaintiff's contention.
[3] In regard to the second charge of fault on behalf of the defendant, that is, the allowance of weeds to grow to such a height as to hide the mules therein and obstruct the view of the presence of the mules by the employees of the railroad company we find no law in this State which requires railroad companies to keep their right of way free of weeds and obstructions, and the plaintiff has not cited to us any cases so holding. The evidence is that the track was clear of any weeds or obstructions for a distance of thirteen feet from the center thereof on each side and that the locomotive was equipped with proper lights focused in the middle of the track, which lights, without high weeds, would not have disclosed the animals to the operators of the train when they were not within the beam of the lights. We are of the opinion that the weeds did not, in any wise, contribute to the accident.
For these reasons, the judgment appealed from is affirmed. *Page 732