In this case plaintiff sues the defendant for $150 alleging that on or about March 29, 1944, one of defendant's trains killed a milch cow belonging to him in Natchitoches Parish, La., near Chopin, and that the railroad right of way was not fenced at the place where the cow was killed and that it was killed by the negligence and carelessness of the defendant, its agents and employees. The defendant answered, admitting that the cow was killed by its train and that the right of way was not fenced, but denied any negligence and denied the value of the cow. Further answering, defendant says that the killing of the cow was an unavoidable accident for which it is not liable, and that it was free from any fault or negligence; that the train was being carefully and properly operated and the equipment was in good order; that the engineer and fireman were at their places of duty and were looking ahead but were unable to discover the presence of the cow near the track until the train was within a short distance of the animal; that the view of the engineer was obstructed by an enbankment or cut and that the cow came out from behind the enbankment on to the track too near the train for the engineer to stop; that the engineer did all in his power to avoid hitting the animal when he saw it; blew the whistle, rang the bell and applied the brakes, but could not stop the train before reaching the point of collision.
On these issues the case was tried and the value of the cow was fixed at from $125 to $150. The only eye witnesses to the killing are the engineer and fireman operating the train. The evidence shows that they were operating a troop train of seven cars at a speed of fifty miles per hour and that the cow came out from behind an embankment, shown in the photographs introduced in evidence and marked Def. 1 to 5, and said to be the distance between two telephone poles from the train when first seen by the engineer. The fireman, being on the left side of the cab of the engine, could not see the cow until she was on the track very near to the train. The engineer blew the whistle, rang the bell and applied his brakes lightly. He testified that it would require a distance of some 1,500 feet to stop the train in emergency.
Plaintiff's demands were rejected in the lower court at his cost, and from this judgment he prosecutes this appeal.
Plaintiff has cited the cases of Morgan v. Missouri Pacific R. Co., La. App., 151 So. 110 and Jackson v. Missouri Pacific R. Co., La. App., 141 So. 770, where recovery was allowed for livestock killed under what plaintiff contends were similar circumstances to those of the instant case, but these cases do not appear to us to be similar. We believe that the defendant has absolved itself from negligence in the case, and that this case falls under similar facts to the facts in Friedman et al. v. Texas Pacific Railroad Co., La. App., 18 So.2d 845.
We are further fortified in our conclusion that the case is with defendant by the following cases cited by it: Robertson 
Son v. New Orleans T. M. Ry. Co., 8 La. App. 738; Nelms v. Louisiana Ry. Nav. Co., 3 La. App. 428; Bailey v. Texas P. Ry. Co., 1 La. App. 233; Boyd v. Kansas City S. G. R. Co., La. App., 147 So. 100; Jeter v. Texas P. R. Co., La. App., 149 So. 144; Dumas v. Thompson, La. App., 185 So. 307; Edwards v. Thompson, La. App., 2 So.2d 493, and other cases.
In some of the above cited cases the accidents occurred at night, but the same principle applies, and if the railroad absolves itself from negligence, as we find it has done in this case, plaintiff cannot recover.
After the appeal was lodged in this court the plaintiff died, and on proper motion an order was entered making Delphine Abraham, surviving widow and sole legatee of John Abraham, the plaintiff and appellant. The judgment will be amended so as to run against Delphine Abraham, plaintiff and appellant, and as thus amended it is affirmed. Plaintiff to pay all costs of both courts. *Page 888