PIARDY, Judge.
This is a suit in which plaintiff seeks to recover the sum of $255, alleged to be the value of two head of cattle killed by one of defendant’s passenger trains at a point on its main line railway where the right-of-way was unfenced. Plaintiff alleges negligence of the defendant’s employees operating the train in failing to keep a proper lookout; failure to give warning; failure to attempt to bring the train to a stop, and, generally, by operating the train in a negligent manner. Defendant specifically denied the charges of negligence and affirmatively asserted facts in substantiation of the defense that the killing of the animals by its train was an unavoidable accident. After trial there was judgment for defendant rejecting plaintiff’s demands, from which plaintiff prosecutes this appeal.
There is no dispute as to the law involved in this matter and the judgment *369 turns, therefore, solely upon the determination of questions of fact.
The accident occurred after daylight on the morning of March 27, 1948, at a point on the main line of defendant’s railway in Natchitoches Parish, Louisiana. One of defendant’s regular passenger trains, made up of a locomotive and six cars, was proceeding east in the direction of Alexandria at a speed of about 55 miles per hour. At the situs of the accident the main line is paralleled by a switch track and there is an embankment beyond the switch track on the south side of the main line, being to the left of the direction in which the train was proceeding. The embankment in question is of sufficient height to conceal cattle either wholly or partially from the view of the engine crew. The point is unfenced, which fact, concededly, places the burden of proof upon defendant to show lack of negligence in connection with the accident.
There was only one eye witness, the locomotive fireman, who was seated, according to his testimony, in his regular position on the left-hand side of the engine cab. This witness testified that the cattle suddenly appeared in view from behind the embankment to the left of the switch track at a distance of some two or three telegraph poles, that is, approximately 300 to 500 feet from the locomotive. The fireman testified that the cattle were running at an angle toward the train; that as a warning he immediately yelled “cows” to the engineer, who sounded-his whistle and applied the brakes. Contemporaneously with this action on the engineer’s part the fireman was ringing the bell in the attempt to warn the stock from the track. The cattle were struck and killed by the locomotive.
The testimony of the locomotive engineer is to the effect that he did not see the cattle, his only knowledge of their proximity being the shouted warning of his fireman. The engineer further testified that his equipment and appliances were in good condition, and that, at the speed of operation at the time, a distance of approximately 2,000 feet would have been required to bring the train to a stop. A further significant portion of his testimony is that he was prevented from perceiving the approach of the cattle by the locomotive boiler which extended some 80 feet in front of his cab and completely obstructed his view. It is obvious that the cattle came upon the right-of-way suddenly, else the boiler would not have served to conceal the animals from the view of this witness.
Diligent counsel for plaintiff strenuously contends that the testimony of the witnesses above summarized was refuted by the testimony of the section foreman of defendant railway, who testified for defendant, and under cross-examination admitted that there were a number of cattle tracks at the point of the accident. From this testimony counsel draws the conclusion that the cattle were and had been on or near the track for a sufficient period of time to have been viewed by the engine crew. This conclusion does not necessarily follow in view of the fact that the witness referred to also testified that there were cattle tracks leading from the embankment to the railway line. The fact that there were numerous cattle tracks at the point is further substantiated by one of plaintiff’s witnesses, who also testified that he did not observe any tracks that appeared to have been made by animals at a run.
This testimony, in our opinion, is negative in effect and does not serve to overcome the direct and unimpeached testimony of the fireman and engineer. We think that a clear preponderance of the testimony ■absolves defendant’s employees of any negligence and completely substantiates the defense of an unavoidable accident.
The facts in the instant case are very similar to those considered by this Court in Friedman et al. v. Texas & P. R. Co., La.App., 18 So.2d 845, and Abraham v. Texas & P. Ry. Co., La.App., 24 So.2d 886, in both of which cases we found for the defendant.
For the reasons set forth, the judgment appealed from is affirmed at appellant’s cost.