GLADNEY, Judge ad hoc.
This is a suit to recover the value of a mule that met its death under rather unusual circumstances on a trestle of appellee railroad company at about 9:00 a. m. on January 29, 1948 between Robeline and Provencal in the Parish of Natchitoches. All material facts have been admitted in pleadings or by stipulation.
The railway right-of-way at the location of the trestle is unfenced. We are at a loss to understand why the mule went upon the trestle, but this it did for the animal was found on, and a short distance from, the east end of the trestle with its legs wedged between the crossties thereon, the trestle being constructed of creosoted piling, across which were laid crossties with open spaces between them. It was forty-eight feet long and in a good condition of repair.
The mule was first observed by the engineer of a westbound freight train and the train was stopped before reaching it. The train crew endeavored to release the animal but did not accomplish this before their efforts were discontinued in order to place their train on a siding to give way for a westbound passenger train. The crew of the latter was advised of the situation, and upon stopping at the trestle they attempted various- ways of extricating the animal without success. After learning that the mule had broken its legs it was shot, its legs severed, and the body pushed from the track by the-locomotive.
Appellant charges that the railroad company is negligent by reason of its failure to fence its right-of-way and by improper construction of the trestle upon which the mule wandered just prior to its death.
There is no statute of this state that requires a railroad company to fence its right-of-way and provide adequate cattle guards at crossings, nor to maintain the same in good condition-after being erected. The failure to provide such fences and guards and maintain them is not negligence per se. That the right-of-way was not fenced has no legal significance beyond that which involves the burden of proof. Daughdrill v. Texas & N. O. R. Co., La.App., 20 So.2d 644; Friedman’s Estate v. Texas & Pacific Ry. Co., 209 La. 540, 25 So.2d 88, 163 A.L.R. 1228 and cases cited therein; Moody v. Texas & Pacific Ry. Co., La.App., 37 So.2d 346.
 In argument, counsel for appellant rests his case upon Section 1 of Act No. 70 of 1886, LSA-R.S. 45:504, which provides: “In suits against railroad companies for the loss of stock killed or injured by them, it is sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury, unless it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotive or train.”
It is beyond dispute that appellee herein must discharge the burden so imposed as the ownership and injury or killing -have been conceded. The obligation is' so discharged by the plain terms of the act when “it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotive or train.”
It was admitted that no witnesses were found who saw the animal go upon the trestle. When found by the train crew, the legs of the mule were broken. This, in all probability, must have occurred when the mule slipped and its legs passed between the ties. It is a matter of common knowledge that horses and mules with broken leg bones should be promptly destroyed because of the inability to repair such breaks and to end suffering. The animal was valueless for future service after its legs were broken, an injury to which the ap-pellee in no wise contributed. The testimony of the crews from the two. trains negatives strongly any fault or wrongdoing on their part. The shooting and removal of the animal was accomplished humanely and by the only methods available.
Appellee has accordingly discharged'the burden' of proof imposed by Act No. 70 of 1886, and the judgment appealed from rejecting plaintiff’s demands is affirmed at appellant’s costs.
KENNON, J., not participating.