Two mules owned by plaintiff were killed by defendant's southbound train about one mile below the City of Bastrop, Louisiana, at four o'clock the morning of February 23, 1940. The value of the mules is sued for herein. It is alleged that the animals were killed through the fault and carelessness of defendant's agents and employees in charge of said train. Defendant denies these allegations and avers that the operators of the train were free of negligence in all respects and did everything within their power to avoid running over the mules. There was judgment for plaintiff, from which defendant prosecutes this appeal.
The train in question consisted of thirty cars in addition to the locomotive, tender, etc. It was made up in Bastrop and was moving at a speed of thirty miles per hour or forty-four feet per second when the accident occurred. One of the mules when struck was lying on the track, while the other was standing near by. They were in a 2 1/4 degree west curve.
Photographs of the locus accurately reflect physical conditions prevailing thereat and to the north. The track was not fenced. The mules' position, it is evident, prevented the engineer from discovering their presence in time to avert running them down.
The headlight of the locomotive was burning brightly. Its candlepower was sufficiently strong to project a beam 250 yards down a straight track. This light enabled the trainmen to discover objects on the track or near thereto for that distance. The headlight is stationary and when the train approaches a curve the beam does not follow the track. In this instance, the beam projected forward on a tangent east of the curve. The engineer's seat was on the right (west) side of the cab and as the train approached the curve the beam fell on his opposite side. No part of the curve was illumined until the locomotive entered therein or was very close to its northern end. The fireman was opposite the engineer and at no time was he in a position to see into the curve before the mules were struck.
The engineer testified that he was at his post of duty and was intently watching up the track as the train covered the short distance from Bastrop to the scene of the accident and observed the mules as quickly as the light fell upon them, but at that time the locomotive was not over seventy-five feet from the mules, a distance entirely too short within which to stop the train moving at the aforesaid speed. No other person saw the accident. *Page 495 
Under the law (Act 70 of 1886), when plaintiff proved that his mules were killed by defendant's train, a case in his favor was made out. It then devolved upon defendant, if he would exculpate himself from the inference of negligence arising from plaintiff's proof, to adduce proof of sufficient weight to overcome it. This, in our opinion, has been done. To hold defendant liable for the value of the mules, we would have to hold that it was negligence for the curve to be in the track in this particular place. We are not asked to do this, nor would it be reasonable to do so. It is practically impossible to construct long lines of railway trackage without there being therein curves of greater or lesser sharpness. This being true, occasionally stock running at large will be killed thereon. Such happenings may not be averted unless the track on both sides is well fenced and even then accidents of the kind will happen. There is no law in this state which requires railroads to fence their tracks in the open country and the fact that such is not done does not commit a railroad to absolute liability for the killing of stock.
Trains, of necessity, must operate on schedules. These schedules require that they run at definite speed in order to cover certain distances within fixed periods. To accomplish this, speed cannot be reduced because of rain, fog, smoke or other abnormal atmospheric conditions, nor for curves; nor are they required to operate at such rate of speed that they may be stopped within the distance illumined by their headlights as is required of automobiles.
The engineer admits that he did not apply the brakes nor ring the bell when he observed the mules, but says he did sound the whistle. The fireman did not hear the whistle nor did a resident near by who was up at the time. The failure of the engineer to apply the brakes and ring the bell is pointed to as negligence. Under the circumstances, we do not concur in this contention. It required from five to seven seconds for the brakes on this particular train to become effective after being applied. In point of time, the train was less than two seconds from the mules when first seen by the engineer. The failure to ring the bell or blow the whistle (if not done) before the impact, in view of the circumstances, cannot be deemed to be carelessness or negligence. It requires in such conditions, an appreciable lapse of time for the mental and physical faculties to cooperate. The human mind does not react instantly upon becoming acquainted with emergic conditions. And, in addition, it is not shown nor can it be, that had the bell rung and the whistle been blown, the result would have been different.
Plaintiff largely relies upon the case of Smith v. Thompson, reported in 185 So. page 71, decided by this court. The facts of the two cases are, in material respects, dissimilar.
The judgment of the lower court, under the testimony and circumstances of the case, is manifestly erroneous and for the reasons herein assigned, said judgment is annulled, avoided and reversed; plaintiff's suit is dismissed and his demand rejected at his cost.
DREW and HAMITER, JJ., concur.