

See, also, 33 F.Supp. 497.

Robert Layton and J. B. Dawkins, both of Monroe, La., for appellant.

Fred G. Hudson, Jr., of Monroe, La., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

## PER CURIAM.

The suit against appellee for damages for the loss of appellant's arm caused by a train of appellee running over it was tried without a jury. The judge found that appellant in a sparsely settled neighborhood was lying unconscious next to the right rail of the railroad track, with feet toward the train, which was approaching at a moderate speed in the early morning. Appellant had been using the track instead of the public road or a path alongside it to go to his home, an infrequent use of the track which had not been objected to by appellee. The train gave all signals required by law. Appellant's clothing was inconspicuous in color. Some dogs were upon the track between appellant's feet and the engine, and cut off the view of the train crew. Engineer and fireman saw the dogs, but did not see the man until within fifty feet of him, when brakes were promptly applied and the train stopped, but not before the engine and a car had passed over his arm.

Notwithstanding the negligence of appellant in being on the railroad track, the judge held the case to involve the law of "last clear chance" as declared for Louisiana in Miller v. Baldwin, La.App., 178 So. 717, and Shipp v. St. Louis S. W. Ry. Co., La.App., 188 So. 526. On a careful analysis of the facts the judge found that the train crew did not discover appellant or his peril until it was too late to save him, and that there was no want of diligence in not seeing him sooner. These findings are well supported by the evidence, and must stand in this court. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following

## CHEEK v. THOMPSON.

### No. 10623.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1944.

Rehearing Denied Feb. 23, 1944.

---

* In re Thornycroft, Inc., 2 Cir., 120 F. 2d 469, 470.

section 723c. Since the trial Hall v. Kansas City So. Ry. Co., La.App., 14 So.2d 485, has been decided, which also supports this judgment.

No negligence in the operation of the train being found, the judgment is affirmed.