McINNIS, Judge ad hoc.
On July 24, 1950 a freight train of the Missouri Pacific Railway Company, of which Guy A. Thompson is trustee, ran over and killed a whitefaced heifer cow near the railroad station at Longleaf in Rapides Parish, Louisiana, for which plaintiff demands $168 with legal interest from judicial demand.
Negligence charged to the employees of the railroad is that they knew or should have known of the presence of cattle in the vicinity, and failed to operate the train at such speed as to avoid striking and killing livestock, and failed to whistle and otherwise signal livestock to frighten them away from the tracks.
Alternatively, in the event the Court should fail to find negligence in the foregoing respect, then it is alleged that the animal was killed on the above date by a train owned and operated by defendant, its agent and employees, and that under the provisions of LSA-R.S. 45:501 — 504 it is incumbent on defendants to prove that said killing was not the result of negligence on its part.
Answering the demand defendant admits that its train killed the animal but denies all the other allegations of plaintiff’s petition, and alleges that, at the time and place in question its train was being operated in a proper and careful manner at a speed not exceeding 45 miles per hour, with its whistle being sounded to warn the animal, which was grazing on the right-of-way twenty or thirty feet from the track, near Longleaf Station, but when the train was too close to stop the animal suddenly ran across the track in front of the train, and no fault of defendant was in any way proximately connected with the killing of the animal.
After trial on the merits the District Judge, for reasons orally given, rejected the demands of plaintiff, at his cost, and plaintiff perfected a devolutive appeal to this Court.
From the evidence it appears that Long-leaf is a .small unincorporated village at which there is a sawmill. The railroad tracks of defendant are upgrade both to the north and south of the village and freight trains do not ordinarily stop there. This train was running from the south to the north. Two witnesses other than the train crew saw the accident, which occurred about 4:30 P.M. on a clear day with visibility good, and south from Longleaf the track is straight for as much as a mile. There were a number of cattle on and about the railroad tracks as the train approached and the engineer sounded the whistle and rang the bell and the cattle began to move about and this one belonging to plaintiff and an *382 other one undertook to cross the railroad tracks when the train was not more than 125 feet from them and before they could get across they were killed.
The fireman on the train, being pulled by a steam locomotive, says that the train was running about 45 miles per hour and as it approached the depot the engineer turned the bell ringer on and blew the whistle and opened the cylinder cocks and as they got close to the depot they applied the emergency brakes and soon after he saw one animal thrown out on the left hand side of the tracks, which was the side of the locomotive the fireman occupies, and that the train was stopped in just about its length, which was 50 cars. He then got out and looked under the engine and saw where one animal had been ground up on the right side of the locomotive. He says that he saw no other animals except the one that was thrown off on the left side because any on the other side of the tracks would be out of his range of vision.
The engineer’s version is that there were cattle and they went - away from the tracks on the east side and he thought they were all right for the crossing, and that when the train rushed by the station the cattle got excited and ran back right in front of the train, and that when he saw them coming back he applied the emergency brakes and stopped about a train’s length away and that one animal was thrown clear of the track and another went under the train.
The right-of-way of the railroad to the north and to the south of 'Longleaf Station is fenced and has cattle guards to prevent livestock from going onto the railroad right-of-way, but for short distances north and south of the station the right-of-way is not fenced so as to allow ingress and egress to and from the station.
From all of the evidence in the case we are of the opinion that the train crew was not guilty of any negligence that caused the accident and that the train crew did all that could be done to avoid the killing of the animal. We recognize the law that when the killing of livestock by railroad trains is proven that the burden then shifts to the railroad to prove that it was free from negligence, and under the facts as disclosed by this record, we agree that defendant has absolved itself of negligence.
For these reasons the judgment appealed from is affirmed at-the cost-of plaintiff-appellant in both courts.
KENNON, J., not participating.