AYRES, Judge.
This is an action for damages for the loss of three head of .cattle allegedly killed by the operation of certain passenger trains of the defendant. The action was instituted pursuant to the provisions of LSA-R.S. 45:504, which reads as follows:
“In suits against railroad companies for the loss of stock killed or injured by them, it is sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury, unless it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotive or train.”
The issues tendered by this appeal involve questions of law as to procedure. The first is whether a railroad company as a defendant in such an action instituted under the provisions of 'the aforesaid statute must specifically plead its lack of negligence *43 in order that evidence may be admitted on the point. The other is a collateral issue and involves the question of the allowance of an amended answer tendered by defendant during the trial. In accordance with the statute, plaintiff’s petition merely alleged the killing of plaintiff’s cattle by defendant’s trains and the ownership and value of the cattle. No negligence was alleged nor need be alleged under the statute. Defendant’s answer was a denial generally of plaintiff’s allegations and concluded with a prayer for the rejection of plaintiff’s demands and for general and equitable relief.
On the first of these issues defendant contends that the statute under which the action was brought was intended and has been interpreted to effect a complete change in the burden of proof. We agree that the purpose and effect of the statute is to relieve plaintiff from the necessity of pleading and establishing negligence on the part of defendant. However, we are unable to conclude that this changes the basic procedural requirements of pleadings which necessitate the pleading of freedom from fault or negligence as a prerequisite to the admission of evidence in support of such a defense. The statute places upon the defendant the burden of showing its lack of fault and freedom from negligence. How is this to be done? This showing must be made within the basic rules and principles of pleadings and, if the defendant is to escape liability, by the establishment and proof of such defense by a preponderance of legal evidence. Thus, it could be only concluded that the statute imposes upon a defendant in cases of this character the duty of alleging an affirmative defense which must be specifically plead; otherwise, plaintiff would be in the unfortunate and impossible situation of the necessity of rebutting evidence tendered by defendant in the establishment of its defense without the benefit of any prior knowledge of the defense. The opinion of the majority of this court is that, where a defendant relies upon lack of fault and freedom from negligence, such defense is a special defense and must be specifically plead. This view, in our opinion, is supported by a long line of decisions of the appellate court since the enactment of Act 70 of 1886, the source of the statute involved.
In an early decision in the case of State ex rel. Sorrel v. Foster, 106 La. 425, 31 So. 57, 58, the Supreme Court, in construing the aforesaid statute, stated:
“It will be observed this statute changes in an important respect the rule which obtained prior to its enactment. Then, the claimant owner must prove the killing or injury and the fault of the company. Now, it entirely suffices for the owner to recover that he prove merely the killing or injury. Since the law relieves the owner of proving negligence, wherefore the necessity of alleging that which he does not have to prove? His cause of action is complete, under the law as it now stands, when he sets forth his animal has been killed by the defendant company, where and when killed, and that its value is so much. He does not have to prove anything save this to recover. Therefore he has a cause of action when he alleges this. The public policy of the state announced in Act No. 70 of 1886 is that railway companies must pay for all stock killed or injured by their trains unless they (the companies) succeed in showing the killing or injury occurred through no fault of theirs. It is therefore for the railway company, in its answer to a suit, to allege no negligence and to prove no negligence. It is not for the plaintiff to either allege fault or prove fault on part of the company. It would be requiring a vain thing of the plaintiff to insist he must allege negligence when he does not have to prove it. It is surplusage to aver that which need not be proven to make out a case. 2 Rice, on Ev. p. 1101. As a plaintiff may not prove what he does not allege, so he need not allege that which the law relieves him from proving.” (Emphasis here supplied)
*44 The purpose of and public policy expressed in the statute was referred to in the later case of Jackson v. Texas & P. Ry. Co., 166 La. 718, 722, 117 So. 805, 807, wherein the court stated:
“The public policy of the state as expressed in Act 70 of 1886 is that railroad companies shall pay for live stock killed or injured by the operation of their trains, unless they shall allege and prove that the killing or injury was without negligence on their part. State ex rel. Sorrel v. Foster, 106 La. 425, 31 So. 57. Since the adoption of the statute, the onus of proof in such actions is shifted from the owner of the stock to the defendant railroad company, which must sustain the material grounds raised in defense. Mire v. Yazoo & M. V. R. Co., 105 La. 462, 29 So. 935.” (Emphasis supplied)
The general rule that liability is predicated upon fault or negligence was not departed from in the enactment of the aforesaid statute. Negligence or fault, however, is implied by the statute or imputed to the defendant under the circumstances enumerated in the statute. The burden was, therefore, placed upon the defendant to show freedom from fault or negligence in order to exulpate itself from liability. Jackson v. Missouri Pac. R. Co., La.App., 141 So. 770; Edwards v. Thompson, La.App., 2 So.2d 493.
While most of the authorities cited by counsel unquestionably hold that the burden of proof is shifted, it is obvious from an examination of the opinions themselves that this fact is predicated upon an averment of lack of negligence set forth in defendant’s pleadings. For example, in Jackson v. Texas & P. Ry. Co., supra, the court specifically stated the defense urged by the defendant and reiterated the public policy of the State “ * * * that railroad companies shall pay for live stock killed or injured by the operation of their trains, unless they shall allege and prove that the killing or injury was without negligence on their part.” (Emphasis supplied) Cited in support of the pronouncement was State ex rel. Sorrel v. Foster, supra. In Jackson v. Missouri Pac. R. Co., supra [141 So. 771], the court stated that the defendant “ * * * avers that, if plaintiff suffered the damages complained of, it was not through its fault, negligence, or carelessness”; in Edwards v. Thompson, supra, reference is made to the fact that defendant denied plaintiff’s allegations and averred that the operators of the train were free- of negligence; in Moody v. Texas & Pac. Ry. Co., La.App., 37 So.2d 346, it was stated that the facts and circumstances attending the killing of the animals were alleged in detail, and in Wise v. Texas & Pac. Ry. Co., La.App., 45 So.2d 368, the opinion stated that “Defendant specifically denied the charges of negligence and affirmatively asserted facts in substantiation of the defense that the killing of the animals by its train was an unavoidable accident.”
The court, in Richard v. Kansas City So. Ry. Co., La.App., 55 So.2d 12, followed the decision in State ex rel. Sorrel v. Foster, supra, wherein it was held necessary for the defendant in its answer to allege no negligence and to prove no negligence in order to escape liability for the killing of cattle under circumstances provided for in the aforesaid statute. In Francis v. Thompson, La.App., 59 So.2d 381, the court specifically referred to defendant’s answer and called attention to the fact that defendant alleged proper and careful operation of its train.
This court, in Davis v. Louisiana Ry. & Nav. Co., 13 La.App. 148, 127 So. 441, 442, stated concerning a defense urged under the statute that
“The public policy of the state, as expressed in Act No. 70 of 1886, is that railroad companies shall pay for live stock killed or injured by the operation of their trains, unless they shall allege and prove that the killing or injuring was without negligence on their part. State ex rel. Sorrel v. Foster, *45 106 La. 425, 31 So. 57. (Emphasis supplied)
“Since the adoption of the statute, the onus of proof in such actions is shifted from the owner of the live stock to the defendant railroad company, which must sustain the material ground raised in the defence. Mire v. Yazoo & M. V. R. Co., 105 La. 462, 29 So. 935; Jackson v. Texas & P. Ry. Co., 166 La. 718, 117 So. 805; Hollingsworth v. Houston E. & W. T. Ry. Co., 7 La.App. 121.
“The main ground of defense as to this mule is that the train could not he stopped after the mule was first seen.”
Defendant argues that the pronouncement in State ex rel. Sorrel v. Foster, supra, was obiter dictum. However, in any event, the language used is most positive and unequivocal and has been constantly and invariably repeated in a long line of subsequent decisions over a period of more than half a century, during .which time, if the court’s interpretation of the statute had been erroneous, the Legislature had many opportunities to more clearly express its intention. We are, therefore, of the opinion that defendant’s contention as to the first of these issues is without merit, and that, accordingly, to avail itself of any defense as to fault or negligence, such defense must not only be specially plead but established by a preponderance of the evidence.
Equally important is the second of the issues raised for determination, that is, as to the allowance of the amended answer wherein defendant specially and specifically set forth an affirmative defense of freedom from fault and negligence. Since this amended answer was not tendered for filing until plaintiff had offered his evidence in chief, justification for its allowance must be predicated primarily upon the facts and circumstances as developed in this case. Therefore, since consideration must be given to those facts and circumstances, a resumé thereof is necessary to an understanding of the matter for resolution.
The sum and substance of plaintiff's allegations have already been stated. In answer to those allegations defendant denied generally, and apparently was prepared to meet the issue therein tendered, that defendant did not kill any cattle on the dates and at the times plaintiff alleged. Through the process of discovery, it developed that defendant’s trains on other dates and occasions did kill cattle in the vicinities' where plaintiff claimed his cattle were killed. Thereupon, a stipulation followed in which the true facts as to the dates and locations of the killing of cattle were related. On the furnishing of the information upon which the stipulation was based, defendant states, and it is not denied by plaintiff’s counsel, that defendant’s counsel advised plaintiff’s counsel that defendant’s trainmen would be called to testify concerning the prudent operation of its trains, in reply to which, it is stated, plaintiff’s counsel said he fully appreciated it. Moreover, at th« beginning of trial, in stating the issues for the benefit of the court, defendant’s counsel stated to the court, in the presence of plaintiff's counsel, that its defense was one of freedom from fault and negligence. In addition, in a conference of counsel for both plaintiff and defendant, with the trial judge, plaintiff’s counsel, so states the judge in his written opinion, admitted full knowledge of defendant’s intended defense. Therefore, it could not be said that either plaintiff or his counsel could have or would have been taken by surprise or prejudiced by the allowance of the amended answer specifically setting up an affirmative defense, knowledge of which counsel for plaintiff already possessed. At no time did counsel controvert defendant’s counsel’s assertion as to its claimed defense. No objection was made nor was there any suggestion of counsel’s error until plaintiff had rested in chief and defendant had begun offering its testimony. It was then, for the first *46 time, that plaintiff objected to the offering of any testimony in support of defendant’s defense, of which he and his counsel had full knowledge and were fully aware. Under the circumstances, where one is misled and lulled into a sense of false security, the familiar maxim, qui tacet consentiré videtur, (He who is silent appears to consent), should find some application, particularly in view of the fact that the amended answer made no change in defendant’s prayer or the relief sought by it.
The allowance or disallowance of amended pleadings after issue joined is largely within the discretion of the trial court and will not be disturbed except in instances where the abuse of the discretion is manifest and indicates a probability of resulting injustice. Rex-Metallic Casket Co. v. Gregory, La.App., 104 So.2d 185; Russell v. Vance, La.App., 90 So.2d 553; Gill v. Citizen, La.App., 63 So.2d 24; Industrial Loan Co. of Monroe, Inc. v. Noe, La.App., 183 So. 175.
However, the relief sought by defendant was not changed or altered by the proffered amendment. No harm or prejudice could have been done by the allowance of the amendment, whereas injustice might result from its disallowance. It is our conception that the tendency of modern practice is to yield as little as possible to technicalities so that the ends of justice may be served. Code of Practice, Art. 419 provides that, after issue has been joined, the plaintiff may, with the leave of the court, amend his original petition, where such amendment does not alter the substance of the demand by making it different from the one originally brought, and Code of Practice, Art. 420 provides that the defendant may likewise amend his answer, subject to the same rules, and add to it any exceptions, provided they are not of a dilatory character.
In construing these articles, the courts have made pronouncements of certain principles. For instance, in Breaux v. Laird, 230 La. 221, 88 So.2d 33, 37-38, the Supreme Court stated :
“It is well settled in our jurisprudence that amendments to pleadings should be permitted where they tend to further justice, cause no injury and are without prejudice to the right of the other party. Should the other party plead surprise, he may obtain time toi prepare adequate defense. Our modern-day tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice. This court has consistently recognized the right of the plaintiff to amend his petition with the leave of court, after issue joined, provided the amendment did not assert a demand different from the relief first sought or change the substance of the demand. Code of Practice, Art. 419; Coleman v. Continental Bank & Trust Co., 139 La. 1078, 72 So. 742; Ruiz v. American Trading Co. of New Orleans, 167 La. 28, 118 So. 597; Seale v. Stephens, 210 La. 1068, 29 So.2d 65; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169.”
These principles were later recognized and reiterated in Patterson v. City of De Ridder, 235 La. 140, 103 So.2d 68, 71, wherein the court, citing numerous authorities, stated:
“While the court frowns on loosely drawn pleadings, we are, as the trial judge so aptly observed, reluctant to maintain exceptions that have the effect of dismissing a suit without a hearing on the merits unless the reason for so doing is clear and unmistakable. * * * Consequently, under our modern trend of disregarding technicalities of pleading, in the interest of justice, and to prevent a multiplicity of suits, we have shown great leniency in permitting the amendment of pleadings to insure the party has his day in court where it is obvious *47 the petitioner has a cause of action but has merely failed to allege sufficient well pleaded facts to bring the petition within the rules of proper pleading. This leniency is accorded, however, only when the amended and supplemental petition does not assert a different and distinct cause of action from the relief originally sought, change the substance of the demand, and the right of opposing parties to answer the petition as amended is protected.”
The same rules have equal application to a defendant and his pleadings.
Our conclusion is that the trial court should have permitted the amended answer to be filed and, under the circumstances, its disallowance constituted manifest error. In the amendment defendant did nothing more than amplify his denial of the allegations of plaintiff's petition by setting forth the reasons why plaintiff should not recover. He did not change the original relief asked for, which is the object of plaintiff’s demands. Southport Mill, Limited v. Friedrichs, 167 La. 101, 118 So. 818, 820; Meyer v. Farmer, 36 La.Ann. 785.
In the former of these two cases it was stated :
“The whole tendency of modern practice is to yield as little as possible to technicalities and afford aid to the filing of amendments as far as is consistent with substantial justice. Koerber v. New Orleans Levee Board, 51 La.Ann. 523, 25 So. 415. In a doubtful case, the doubt should be resolved in favor of the amendment.”
It may be appropriate to observe here that the primary object of every rule or principle of pleading and practice is to afford the litigants the opportunity of establishing the truth of the matters in controversy. Where an amendment tends to promote justice and to avoid injustice, entails no consequential delay and works no prejudice, it should be allowed.
For the reasons assigned, the judgment appealed is hereby annulled, avoided, reversed and set aside, and it is now Ordered, Adjudged and Decreed that the objection to the allowance of the amended answer be and the same is hereby overruled and the amended answer allowed and ordered filed, and, accordingly, the case is remanded to The Honorable Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed; the plaintiff-appellee to pay the cost of the appeal, all other costs to await the final determination of the cause.
Reversed and remanded.