FRUGÉ, Judge.
The plaintiff has sued to recover damages occasioned by the death of three of his dairy cows, and the serious injury of a fourth. The suit is based on LSA-R.S. 45:504 which reads:
“In suits against railroad companies for the loss of stock killed or injured by them, it is sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury, unless it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotive or train.”
About 7:30 on the evening of October 16, 1970, the defendant’s train was traveling south to north in the Parish of Sabine. The record discloses that the train in question was almost two miles in length and carried a tonnage of 13,000 in number, approximately 500 tons under the maximum load. Engineer Moore testified that the average speed of this train after its departure from Leesville was a little over 20 miles per hour; at the time of collision it was approximately the same. About 500 feet before collision, Engineer Moore first sighted the cows. He has stated that upon sighting them he blew the whistle in short blasts and rang the engine bell intermittently. Upon approaching the cows, he noticed their running along the side of the train at which time four of them crossed the track and were hit. Mr. Moore also testified that at no time did he decelerate the train or apply any of the brakes available.
The trial court awarded for the plaintiff and the reasons for judgment entered into the record would seem to indicate to this court that the decision was based primarily on Engineer Moore’s nonapplication of brakes and on the fact that the fireman seated in the locomotive with Engineer Moore- was not called to testify at trial, thereby inferring possible detrimental testimony. We reverse.
According to the statute in question and the jurisprudential interpretation thereof, it becomes the burden of the defendant train companies to prove a lack of negligence or carelessness once the plaintiff in a particular suit proves that his livestock were hit and injured by the defendant train. LSA-R.S. 45:504. Since negligence is a breach of a legal obligation or duty owed to another, it becomes necessary in the instant case to ascertain the duties owed by the defendant train.
More specifically, we must decide whether an engineer has a duty to brake *117 and/or decelerate a train traveling approximately 20 miles per hour, carrying almost maximum tonnage, and journeying on an incline in a forested area that does not normally contain livestock when such livestock is sighted on the railroad’s right-of-way.* We find that he does not.
Engineer Moore testified that the train which he engineered was carrying 124 cars, 6 locomotive units, and a caboose. He stated that the application of emergency brakes could have possibly jackknifed the train and caused serious damage to the defendant company’s property. It is obvious from the cases cited, and as well as the number of holdings we have studied, that the engineer of a train such as this has no duty whatsoever to apply his emergency brakes upon sighting livestock on the railroad’s right-of-way.
In the case of Moody v. Texas & P. Ry. Co., 37 So.2d 346 (La.App. 2nd Cir., 1948), the defendant train was traveling about 45 miles per hour when the livestock in question was spotted near the tracks. The engineer there reduced his speed to 25 miles per hour and blew his whistle, which precautions were to no avail since the cattle in question were killed. The court there found that all precautions and possible steps were taken in an attempt to avoid collision and that the railroad company could not thereby be held to have been negligent in its collision with the livestock. Although it may be interpreted as dictum, we do quote from Judge Taliaferro’s opinion on page 349, which paragraph reads:
“It goes without saying, as courts have often held, that if a train was required to slow down every time the engineer saw an animal on the right-of-way, in areas where stock legally roam at large, schedules could not be observed and the danger from more serious accidents would be greatly enhanced.”
See also: Francis v. Thompson, 59 So.2d 381 (La.App. 2nd Cir., 1952), and Cheek v. Thompson, D.C., 28 F.Supp. 391, affirmed CCA 5, 140 F.2d 186 (1939).
We cannot find that an engineer driving a train of this size and load and traveling only 20 miles per hour was under any duty to decelerate upon sighting livestock. Mr. Moore, as per company policy, blew his horn and rang the bells in an attempt to scare the cattle who could possibly venture upon the tracks. His effort failed, but we cannot hold that he was under any greater duty to slow and perhaps stop a train of such great weight when this slowing may not even have prevented the accident.
The train companies today satisfy a great economic need of our country in their transport of freight. Their services are expected to be of a prompt and efficient nature, and this expectation is on the part of the public. To require them to slow and even stop upon sighting livestock on or within the vicinity of their right-of-way would greatly hamper their efficiency and promptness. Public necessity and welfare, therefore, dictate that the railroads are under no duty to slow their trains in such situations.
We also find little merit in the trial court’s finding of an inferential indication that the defendant railroad would have been hurt by the testimony of the fireman riding in the locomotive with Engineer Moore. Even had this fireman testified that the cattle in question were spotted a mile before the collision, we do not think the duties of the engineer would have been appreciably changed thereby. From the facts indicated in the record, it would seem that Engineer Moore took all precautions necessary upon his approach to these ca-tle,
For the foregoing reasons the judgment of the trial court is set aside and reversed, and plaintiff’s suit dismissed. All costs are to be borne by the plaintiff-appellee.
Reversed.

 Testimony indicates that the cattle were not on the track when spotted.